NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-1234

K.R., A Minor By Her Parents; MICHELLE F. RILEY;
and CHARLES RILEY,

Appellants,

v.

SCHOOL DISTRICT OF PHILADELPHIA; PAUL VALLIS;
LAWRENCE TAYLOR; JOSEPH BAHM; MICHELLE BYRUCH;
NIKKI SHAMES; DAWN VITELLO MANGAN; and
PENNSYLVANIA MENTOR/SCHOOL BASED-BEHAVIORAL HEALTH/
COMMUNITY BEHAVIORAL HEALTH,

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 06-cv-2388)
District Judge:  Honorable Michael M. Baylson

Submitted Under Third Circuit L.A.R. 34.1(a),
March 26, 2010

Before:  RENDELL and FUENTES, *Circuit Judges*;
and KUGLER,* *District Judge*.

(Filed: April 12, 2010 )

---

* Honorable Robert B. Kugler, District Court Judge for the District of New Jersey,
sitting by designation.

---

OPINION OF THE COURT

---

FUENTES, *Circuit Judge*:

Appellants, K.R., Michelle F. Riley, and Charles Riley (collectively, "Plaintiffs"),

filed an action against multiple Defendants asserting claims under the Individuals with

Disabilities in Education Act ("IDEA"), Title II of the Americans with Disabilities Act

("ADA"), Section 504 of the Rehabilitation Act ("RA"), 42 U.S.C. § 1983, and state law.

After a series of pretrial rulings that eliminated many of Plaintiffs' claims, only the ADA

and the RA claims against the School District of Philadelphia proceeded to trial.  On

appeal, Plaintiffs challenge a number of the rulings made by the District Court before,

during, and after trial, in particular the District Court's decisions regarding the jury

charge and the verdict form.  For the reasons that follow, we will affirm.[1]

**I.**

Because we write primarily for the parties, we only discuss the facts and

proceedings to the extent necessary for the resolution of the case.

K.R. has been diagnosed with Autism Spectrum Disorder.  In May 2003, before

K.R. entered kindergarten at Solis-Cohen Elementary School, the School District of

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331.  This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

Philadelphia ("School District") evaluated her and developed an Individualized Education Plan ("IEP") pursuant to IDEA, 20 U.S.C. § 1401 et seq. The evaluation did not diagnose K.R. with autism, but the IEP provided for "as needed" assistance through the School Based Behavioral Health ("SBBH") program at Solis-Cohen. In December 2003, halfway through K.R.'s first year of kindergarten, her IEP was revised to include individualized behavioral therapy from a Therapeutic Staff Support ("TSS") worker provided by Pennsylvania MENTOR ("Pa. MENTOR"). The following school year, when K.R. was in first grade, the School District eliminated her individualized behavioral support and instead provided assistance through the SBBH program, which was also directed by Pa. MENTOR. Rather than individualized behavioral support, the SBBH program involved a treatment team that monitored student behavior. In January 2005, K.R.'s parents withdrew her from the SBBH program. In the next two months, K.R. was verbally and physically assaulted by her classmates on two occasions. In March 2005, K.R.'s parents withdrew her from school and began home schooling.

At the IDEA due process hearing, the Hearing Officer concluded that the District had provided K.R. with a free appropriate public education ("FAPE") despite the lack of an individualized behavioral aide. The Appeals Panel affirmed.

On behalf of their daughter, K.R., Michelle F. Riley and Charles Riley, thereafter filed an action in federal court against the School District of Philadelphia and various other defendants (collectively, "Defendants") realleging a failure to provide K.R. with a

FAPE in violation of IDEA. They also brought claims under Title II of the ADA, 42 U.S.C. § 12132; Section 504 of the RA, 29 U.S.C. § 794; 42 U.S.C. § 1983; and state law. In response to Defendants' motions to dismiss, the District Court dismissed the Complaint with prejudice as to Pa. MENTOR and its employees, Nikki Shames and Dawn Vitello Mangan, for failure to state a claim. The District Court also dismissed the state law claims against the School District and the individual School District defendants, Paul Vallas, Lawrence Taylor, Joseph Bahm, and Michelle Byruch.

Thereafter, the remaining Defendants filed motions for summary judgment and a motion for judgment on the administrative record as to the IDEA claim. Holding that there was no contrary nontestimonial extrinsic evidence on the record, the District Court granted the School District's motion for judgment on the administrative record as to the IDEA claim. Concluding that the individual defendants were entitled to qualified immunity, the District Court also granted Defendants' motion for summary judgment as to the § 1983 claim. The ADA and RA claims against the School District proceeded to trial, and the jury returned a verdict in favor of the School District. Plaintiffs filed a number of post-trial motions, all of which were denied by the District Court.

**II.**

On appeal, Plaintiffs challenge the following rulings by the District Court: (1) the failure to include a "reasonable accommodation" instruction in the jury charge; (2) the phrasing of the verdict sheet; and (3) the District Court's comments and rulings at trial

-4-

regarding the use of the term "one-on-one."[2]

Plaintiffs argue that the District Court erred in failing to charge the jury on the issue of "reasonable accommodation" under Title II of the ADA and § 504 of the RA. "Generally, we review jury instructions for abuse of discretion. However, our review is plenary when the issue is whether the instructions misstated the law. We must consider whether the charge, taken as a whole, properly apprise[d] the jury of the issues and the applicable law." *Armstrong v. Burdette Tomlin Mem'l Hosp.*, 438 F.3d 240, 245–46 (3d Cir. 2006) (internal quotation marks & citations omitted). "[W]e have recognized that § 504 requires some affirmative steps to accommodate handicapped persons." *Juvelis by Juvelis v. Snider*, 68 F.3d 648, 653 (3d Cir. 1995) (citation omitted). Although the District Court did not use the precise term "reasonable accommodation," the charge, "taken as a whole," apprised the jury of this issue. In particular, the District Court explained that the Plaintiffs "contend[ed] that the School District should have taken more or different measures to protect K.R. from the alleged student-on-student harassment." (App. at 989.) The phrase "tak[ing] more or different measures" explains the "reasonable

---

[2] Plaintiffs also contend that the District Court erred in dismissing Pa. MENTOR and its employees, in granting the School District's motion for judgment on the administrative record as to the IDEA claim, and in excluding from evidence daily progress notes made by SBBH workers who monitored K.R.'s behavior and the written report of a neuropsychological evaluation of K.R. These arguments are without merit, and we will affirm the District Court's grant of the motion to dismiss, the grant of the motion for judgment on the administrative record, and the District Court's evidentiary rulings.

accommodation" concept in plain English. Thus, we conclude that the District Court did not err in declining to include the term "reasonable accommodation" in the jury charge.

"We review a Court's formulation of jury interrogatories for abuse of discretion. 'The only limitation [on this discretion] is that the questions asked of the jury be adequate to determine the factual issues essential to the judgment.'" *Armstrong*, 438 F.3d at 246 (quoting *Armstrong v. Dwyer*, 155 F.3d 211, 216 (3d Cir. 1998)) (further citation omitted). Plaintiffs proposed the following question for the verdict sheet: "Have Plaintiffs . . . proven by a preponderance of the evidence that the School District of Philadelphia violated [K.R.'s] rights under the [RA] or the [ADA] by discriminating against her or otherwise excluding her from participation in or denied her the benefits of the services, education programs, or activities of the District?" (App. at 662.) The verdict sheet submitted to the jury contained the following interrogatory: "Did the School District of Philadelphia discriminate against K.R. by reason of her disability?" (*Id.* at 17.) Plaintiffs argue that this phrasing misled the jury, leaving the impression that the jury was required to find that the School District intentionally discriminated against K.R.

The issue raised by Plaintiffs' proposed formulation was addressed by the District Court in the following jury charge:

> The fourth element, whether K.R. was denied the benefits of or subject to discrimination solely by reason of her disability is at issue. . . .
> [T]he phrase "denied the benefits of" means that the program or activity which receives Federal financial assistance may not directly or through contractual licensing or other arrangements, on the basis of a handicap, deny a qualified, handicapped person the opportunity to participate in or benefit

-6-

from the aid, benefit, or service.

The Rileys must prove by a preponderance of the evidence that K.R. was excluded from participation in, denied the benefits of, or subjected to discrimination in a school program by reason of her disability.

(App. at 988.) As the District Court gave this charge, which thoroughly and accurately explained the applicable law, it did not abuse its discretion in declining to use Plaintiffs' proposed jury interrogatory. *See Potence v. Hazleton Area Sch. Dist.*, 357 F.3d 366, 372 (3d Cir. 2004).

Plaintiffs challenge the District Court's conclusions and instructions to the jury regarding the use of the term "one-on-one." The phrase "one-on-one" was used by both the parties and the District Court to describe the behavioral therapy that K.R. received in kindergarten from her TSS worker. At trial, however, the District Court concluded that, based on the evidence, the phrase "one-on-one" was a term of art used by the School District solely to describe a form of *educational* support, not a form of *behavioral* support. As such, the District Court limited questioning regarding the provision of "one-on-one" support. The District Court also instructed the jury that the decision not to provide educational one-on-one support was not before them and that they should instead consider the social and behavioral aspects of K.R.'s schooling. (App. at 990.) The District Court clarified that "the educational, the academic part of . . . [K.R.'s] education is not before you. . . . What is in front of you are the other aspects of the school program and whether the plaintiffs have proven discrimination [with respect to] those aspects of the program." (*Id.* at 1006.)

-7-

Before trial, the District Court ruled that the School District had provided K.R. with a FAPE as required by IDEA; accordingly, this issue was not in front of the jury. The provision of a FAPE is also a concept under the RA. Our precedent makes clear that a FAPE under IDEA also qualifies as a FAPE under the RA. *See, e.g., Jeremy H. by Hunter v. Mount Lebanon Sch. Dist.*, 95 F.3d 272, 278–79 (3d Cir. 1996); *see also Miller ex rel. S.M. v. Bd. of Educ. of Albuquerque Pub. Schs.*, 565 F.3d 1232, 1246 (10th Cir. 2009) ("[C]omplying with the IDEA is sufficient to disprove educational discrimination . . . ."). Thus, the question of the provision of a FAPE under the RA was likewise not before the jury. Instead, as the District Court correctly instructed, the only issue for the jury was whether the evidence regarding the behavioral and social support services demonstrated that the School District had discriminated against K.R. in violation of the ADA or the RA. Accordingly, the District Court's comments, rulings, and instructions regarding the use of the term "one-on-one" were proper.

## III.

For the foregoing reasons, we affirm all of the District Court's orders and rulings challenged on appeal.